UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY and NANCY HEWITT,<br><br>          Plaintiffs,<br><br>   v.<br><br>QUALITY LOAN SERVICES, et al.,<br><br>          Defendants. | CASE NO. C19-5274 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND TO STRIKE, STRIKING PLAINTIFFS' AMENDED COMPLAINTS, DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, AND RENOTING DEFENDANTS' MOTION FOR SANCTIONS |

This matter comes before the Court on Defendants "Wells Fargo Bank National Association, Wells Fargo Bank National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1 ("the Trust"), and Select Portfolio Servicing, Inc.'s ("SPS")" (collectively "Defendants") motion to dismiss, Dkt. 17, Plaintiffs Henry and Nancy Hewitt's ("Hewitts") amended complaint, Dkt. 20, Defendants' motion to strike unauthorized second amended complaint, Dkt. 22, Defendants' motion for sanctions, Dkt. 24, the Hewitts' amended complaint, Dkt. 28, the Hewitts' motion for a temporary restraining

order, Dkt. 29, and the Hewitts' motion for order, Dkt. 30.  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On February 8, 2019, the Hewitts filed an amended complaint in Pierce County Superior Court for the State of Washington against Quality Loan Services ("QLS"), Wells Fargo Bank, Select Portfolio Services, and John Does 1-10.  Dkt. 1-1.  On April 11, 2019, Defendants removed the matter to this Court.  Dkt. 1.  Defendants contend that the Hewitts failed to properly name them and that they do not object to substitution of their correct corporate names to "ensure clarity in this proceeding." *Id.* at n.1, n.2.[1]

On May 30, 2019, Defendants filed a motion to dismiss requesting that the Court dismiss the Hewitts' claims based on the doctrine of res judicata.  Dkt. 17.  The Hewitts did not respond, which the Court may consider as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2).

On June 12, 2019, the Hewitts filed an amended complaint.  Dkt. 20.  On June 19, 2019, Defendants moved to strike the complaint.  Dkt. 22.  The Hewitts did not respond, which the Court may consider as an admission that the motion has merit.  Local Rules W.D. Wash. LCR 7(b)(2).

---

[1] The Court grants the implicit motion to substitute the proper names of these defendants because the operative, underlying documents identify the Trust and SPS as the real defendants in interest, *see, e.g.*, Dkt. 18-7 (Notice of Trustee's Sale), and the Hewitts do not object to this request.

On July 3, 2019, Defendants moved for sanctions. Dkt. 24. On July 18, 2019, Defendants replied stating that the Hewitts had failed to timely respond. Dkt. 26. On July 19, 2019, the Hewitts responded, Dkt. 27, filed another amended complaint, Dkt. 28, filed a motion for temporary restraining order, Dkt. 29, and filed a motion for order, Dkt. 30, which is essentially the Hewitts' proposed temporary restraining order.[2]

## II. FACTUAL BACKGROUND

In 2011, the Hewitts sued Wells Fargo Bank alleging among other claims a wrongful foreclosure. *Hewitt v. Wells Fargo Bank*, Cause No. C11-05147-BHS. The suit ended in a settlement that voided the foreclosure and restored the deed of trust to the Hewitts under a loan modification agreement. Defendants assert that the Hewitts breached their obligations under the settlement, and in 2017 the Trust initiated new nonjudicial foreclosure proceedings. Dkt. 17 at 6.

In 2018, the Hewitts sued the Trust in state court alleging numerous causes of action including breach of contract and violations of the Washington Consumer Protection Act. Dkt. 18-3. On November 2, 2018, the Trust moved for summary judgment on all of the Hewitts' claims. Dkt. 18-4. On November 30, 2018, the court granted the motion and dismissed all of the Hewitts' claims with prejudice as a matter of law. Dkt. 18-6.

---

[2] The Court directs the Clerk to remove this document as a pending motion and clarify that it is only a proposed order.

## III.  DISCUSSION

### A.  Motion to Strike

Defendants move to strike the Hewitts' amended complaint because the Hewitts failed to either obtain the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The Court agrees and grants Defendants' motion.  Under the same rationale, the Court *sua sponte* strikes the Hewitts' other amended complaint, Dkt. 28.

### B.  Motion to Dismiss

As an initial matter on this motion, the Court considers the Hewitts' failure to respond as an admission that the motion has merit.  Local Rules W.D. Wash. LCR 7(b)(2).  Although the Hewitts are proceeding pro se, they are experienced in litigating this matter and should have known that some response was necessary.

Regarding the merits, Defendants argue that the Court should dismiss the complaint under the doctrine of res judicata, which "bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528–29 (9th Cir. 1998) (internal quotation omitted).  The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

In this case, Defendants argue that all three elements of res judicata are present.  The Court agrees, and the Hewitts fail to present any evidence or argument to the contrary.  There is an identity of claims because the Hewitts' current claims are based on

the same nucleus of facts as in the previous actions, which are the loan documents, the failure to pay under those documents, and the numerous attempts to nonjudicially foreclose. Moreover, all of the Hewitts' current claims could have been brought in the previous action. Although the Hewitts assert a claim for wrongful foreclosure that could be a claim based on more current facts, it is based on allegations that the Trust is not the current holder of the note. *See* Dkt. 1-1 at 8–9. Thus, the current claims either were or could have been brought in the previous state court action.

Regarding the other two elements, the state court entered a final judgment on the merits, and the parties are identical. Therefore, the Court grants Defendants' motion to dismiss because the Hewitts' claims are barred as a matter of law. Based on this ruling, the Court denies the Hewitts' motion for temporary restraining order as moot.

**C.  Motion for Sanctions**

Defendants move for sanctions to deter future litigation stemming from their attempts to rightfully foreclose the Hewitts' property. Dkt. 24. The Hewitts respond and request an extension of time to respond due to medical issues. Dkt. 27. The Court grants the Hewitts' request and directs the Clerk to renote the motion for consideration on the Court's August 30, 2019 calendar. Any response is due no later than Tuesday, August 27, 2019.

**IV.  ORDER**

Therefore, it is hereby **ORDERED** that:

1. Defendants' motion to strike unauthorized second amended complaint, Dkt. 22, is **GRANTED** and the Hewitts' amended complaints, Dkts. 20, 28, shall be stricken;

2. Defendants' motion to dismiss, Dkt. 17, is **GRANTED** and the Hewitts' claims are **DISMISSED with prejudice** as a matter of law;

3. The Hewitts' motion for a temporary restraining order, Dkt. 29, is **DENIED**; and

4. The Clerk shall enter a JUDGMENT; close the case; remove the Hewitts' motion for order, Dkt. 30, from the active docket and relabel it as a proposed order; and renote Defendants' motion for sanctions, Dkt. 24, for consideration on the Court's August 30, 2019 calendar.

Dated this 22nd day of July, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge