UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY and NANCY HEWITT,

        Plaintiffs,

   v.

QUALITY LOAN SERVICES, et al.,

        Defendants.

CASE NO. C19-5274 BHS

ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS*

This matter comes before the Court on Defendant Wells Fargo Bank's ("Wells Fargo") motion for sanctions, Dkt. 24, and Plaintiffs Henry and Nancy Hewitt's ("Hewitts") motion to proceed *in forma pauperis*, Dkt. 37.

On July 3, 2019, Wells Fargo filed a motion for sanctions requesting that the Court award reasonable attorneys' fees and costs and warn the Hewitts that "their behavior appears to be vexatious and that, if such behavior continues, a pre-filing order may be appropriate in the future which would prevent future case filings." Dkt. 24-1. On July 19, 2019, the Hewitts responded and requested an extension of time to fully respond due to medical issues. Dkt. 27. On July 22, 2019, the Court granted an extension and renoted Wells Fargo's motion for consideration on the Court's August 30, 2019 calendar. Dkt.

32. The Hewitts did not file a supplemental response. On October 1, 2019, the Hewitts filed a motion to proceed *in forma pauperis*. Dkt. 37.

Upon review of the record, the Court concludes that monetary sanctions are not warranted. Although the Hewitts filed this action in state court and then an action in federal court and one in bankruptcy court, Wells Fargo has failed to establish that the Court has the authority to sanction the Hewitts in this first filed action for their later filed actions. Moreover, this appears to be the only action that has been dismissed on the basis of res judicata, which undermines any argument that the Hewitts knew this action would be frivolous when they filed. Therefore, the Court **DENIES** Wells Fargo's motion as to monetary sanctions.

The Court, however, agrees with Wells Fargo that a warning as to vexatious litigation is appropriate. Accordingly, the Court warns the Hewitts that further frivolous filings could result in sanctions under Fed. R. Civ. P. 11 and/or the Court entering an order barring further filing pursuant to 28 U.S.C. § 1651(a). *See Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.*

Regarding the Hewitts' motion to proceed *in forma pauperis*, the Hewitts fail to articulate why they filed the motion. The Hewitts have appealed, and therefore the Court assumes that the Hewitts are seeking authorization to proceed *in forma pauperis* on appeal. "An appeal may not be taken in forma pauperis if the trial court certifies in

writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). While the statute refers to prisoner appeals, the Ninth Circuit has applied it equally to all civil litigants. *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Id*. at 1092. An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, the Court concludes that the Hewitts' appeal is frivolous because it lacks an arguable basis in law and fact. Not only did the Hewitts fail to respond to Wells Fargo's motion to dismiss but also the merits of the matter establish a clear application of res judicata. Therefore, any appeal would be frivolous, and the Court **DENIES** the Hewitts' motion to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Dated this 8th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge